## Mayme G. Burgess, Appellee, v. Benjamin H. Burgess et al., on appeal of Morris Cohen, Petitioner, Appellant.

### Gen. No. 19,939. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

## Statement of the Case.

Bill for separate maintenance by Mayme G. Burgess against Benjamin H. Burgess alleging *inter alia,* that a certain fund on deposit in the Austin State Bank was her separate property and asking that a receiver be appointed for such fund.

Service was had by publication, and defendant failing to appear, default was entered. The case proceeded to a hearing on May 1, 1913. The testimony of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the complainant and her mother was taken and the court ordered the solicitor for the complainant to prepare a decree.

On May 12, 1913, before the decree was entered, a motion was made by the defendant to enter his appearance, and on the 9th day of June, the husband, Benjamin H. Burgess, was given leave to file an answer; further, that the testimony previously heard should stand, and leave given to the defendant to cross-examine. An order was entered allowing $740 to the complainant for alimony and solicitor's fees *pendente lite*, and a certain amount as receiver's fees, from which order no appeal has ever been prayed, and which was not again made the subject-matter of any finding in the final decree.

On June 13, 1913, defendant, Benjamin H. Burgess, filed his answer to the bill, denying the allegations of the complainant as to her living apart from him without fault of her own, as also the allegations with reference to her interest in the fund on deposit in the Austin State Bank.

On the 16th of July, 1913, one Morris Cohen made motion for leave and authority to garnishee the receiver, H. P. Tuchscherer, and in support of said motion, filed an affidavit. In this affidavit it was alleged by the said Morris Cohen that he had obtained a judgment against the defendant for $1,110.40 and costs; that execution had been issued on the judgment, which was returned, no property found; and that the receiver appointed in this cause had funds belonging to the said defendant. The motion was denied.

Leave was then granted the said Morris Cohen to file an intervening petition instanter and a rule entered upon the receiver to answer within ten days. The petition was then filed. This petition claimed that the money in the hands of the receiver was the individual property of the defendant, and that the com-

plainant, Mayme G. Burgess, had no interest in said fund; that this fund should be subjected to the payment of the judgment obtained by the petitioner against the defendant, Benjamin H. Burgess.

On July 18th complainant filed replication to the answer of the defendant. The hearing was then proceeded with, complainant and her mother again taking the stand, and the depositions of the defendant and other witnesses were read in evidence. This hearing was had on July 23, 1913.

On the 31st day of July, documents purporting to be demurrers were filed by the complainant and the receiver, to the intervening petition of Morris Cohen. On August 2nd an order was entered that the petition of Morris Cohen be dismissed on demurrer for want of equity, and the demurrers sustained. Appeal was prayed from the order sustaining the demurrers and dismissing the intervening petition and also for refusing permission to the said intervenor to amend his petition.

On the same day, a decree was entered by the court finding that the complainant was living apart from defendant without fault of her own, and among other things, finding that the money deposited in the Austin State Bank in the name of Benjamin H. Burgess was the individual property of the complainant. To the entry of this decree, defendant Burgess, and the intervening petitioner, Morris Cohen, objected and prayed an appeal to this court.

The appeal of the defendant Burgess was not perfected, but the intervening petitioner perfected his appeal, both from the order of the court dismissing his petition on demurrer for want of equity and from the decree.

The complainant testified in detail as to her right to the particular fund in issue. She testified that the furniture in the hotel at Valencin was her individual

property; that she had previously conducted a rooming house in San Francisco, and at the time the hotel was opened, her furniture, which included some crockery, glassware, silverware and linen, was brought to the hotel and used therein; that the value of this property was between $500 and $600; that in addition thereto there was other property, viz., her personal wearing apparel and jewelry.

Petitioner relies upon the testimony of the defendant, as to his contention that this was the property of the defendant. Defendant's testimony was by way of deposition. His evidence showed that there had been insurance to the amount of $11,500 on the hotel and its contents, which was distributed as follows:

$ 8,000 on the hotel
 1,500 on the dance hall
   500 on the piano
 1,500 on the contents of the hotel
———
$11,500

All the insurance, he claims, was in his name. Defendant admitted that the contents of the complainant's rooming house in San Francisco were used in the hotel, but fixed their entire value at only $250.

Defendant, while he admitted the furniture to be complainant's property, testified further that he had loaned her money before their marriage, and that part of the money loaned to her was used in buying the furniture. This fact was denied by the complainant.

There is no testimony on his part that there was any furniture in this hotel, save what she brought down from San Francisco. He placed an insurable value upon the furniture and contents of the hotel, including the wearing apparel and jewelry owned by complainant, of $1,500.

When the property was destroyed by fire, defendant collected the sum of $10,250,—practically a full recovery. All this money the defendant received and kept,

except $500, which he gave complainant, and was deposited in a bank in San Francisco, and the $2,000 deposited in the Austin State Bank. This $500 complainant maintained was given her in payment of a loan made by her to defendant, with money borrowed by her from her mother. This fact was denied by the defendant. The mother corroborated complainant to the extent that she loaned her daughter the money.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellant; MELVIN M. HAWLEY and JOHN E. GAVIN, of counsel.

THOMAS J. LYNCH and RUDOLPH FRANKENSTEIN, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 264*—*when evidence shows wife living apart without fault.* In an action for separate maintenance, the evidence is *held* to warrant the trial court's finding that complainant was living apart from her husband without her fault.

2. EQUITY, § 110*—*when judgment creditor of husband may intervene in suit for separate maintenance.* In an action for separate maintenance, where an intervening petitioner set out that he had recovered a judgment against the defendant, that an execution had been returned, no property found, that a certain sum on deposit in a bank was the property of the defendant and should be subjected to the payment of the lien created by the judgment, and that otherwise the judgment would remain unsatisfied, *held* that the petitioner's interest, as alleged, was substantial and such as to entitle him to intervene.

3. HUSBAND AND WIFE, § 267*—*right of intervening petitioner in suit for separate maintenance to complain of sufficiency of evidence to sustain decree.* The question as to the sufficiency of the evidence to sustain a decree for separate maintenance is personal to the defendant, and, if he fails to perfect his appeal, an intervening petitioner,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

claiming a lien upon a certain fund, as a judgment creditor of the defendant, cannot complain of the sufficiency of the evidence to support the decree.

4. HUSBAND AND WIFE, § 255*—*matters which may be determined in suit for separate maintenance.* Where a court of equity finds sufficient evidence to warrant a decree of separate maintenance, it retains jurisdiction to grant complete relief between the parties, such as to establish, as between complainant and defendant, the ownership of a fund on deposit in a bank.

5. APPEAL AND ERROR, § 1211*—*when variance not available to intervenor on appeal.* In a separate maintenance proceeding complainant claimed that a fund on deposit in a certain bank was in fact her separate property, the bill alleging in one place that the fund was the property of both complainant and defendant, but in other places it repeatedly referred to it as her individual property. A receiver was appointed, and upon a default being opened, defendant filed an answer denying the allegations of the bill and alleging title to the fund to be in defendant, to which complainant filed a replication. After the filing of the answer a judgment creditor of the defendant filed a petition in intervention averring that complainant had no interest in the fund and that it should be subjected to the payment of his judgment. Upon hearing the evidence the court sustained complainant's demurrer to the intervening petition and dismissed same for want of equity, entering a decree finding that the fund in question was the individual property of complainant, from which defendant did not appeal. It was *held* on appeal by the intervenor, that it is only where a decree interferes with his interest in a fund that an intervenor has a right to have an issue formed, and in the present case that issue had been heard and determined; that the intervenor could not complain that no formal answer was filed to his petition by either the receiver or the complainant, since the issues having been formed and the parties having proceeded to trial thereon, and the court having heard the evidence presented by both sides and by the petitioner, such proceeding could continue only upon the theory that the hearing was upon answer *ore tenus*, or that the intervenor waived the formality of an answer, and that, therefore upon the issues formed upon the petition in intervention the question of a variance between the allegations and the prayer in the original bill and the testimony was immaterial, and in any event the benefit of such a variance could be claimed only by the defendant and was not available to the intervenor.

6. HUSBAND AND WIFE, § 264*—*when finding as to wife's ownership of insurance money sustained by the evidence.* In a suit for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

separate maintenance where the evidence tended to show that insurance money recovered by the husband covered the wife's furniture, wearing apparel and jewelry, *held* that the trial court was justified in decreeing that a portion of such money on deposit in a bank was her property.